AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America ) <br> v.  ) <br> LUIS VELASQUEZ-CABRERRA  ) <br> ) <br> ) <br> ) <br> ) <br> *Defendant(s)* | Case No.  3:25-mj-70952 MAG |

FILED
Aug 01 2025
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 23, 2025__ in the county of __San Francisco__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(C) | Possession with the Intent to Distribute Fentanyl--Max Penalties: 20 years imprisonment, $1,000,000 fine, 3 years supervised release, $100 special assessment, deportation |

This criminal complaint is based on these facts:

See affidavit of TFO Domenico Discenza.

☑ Continued on the attached sheet.

Approved as to form AUSA Wendy Garbers

Sworn to before me by telephone.

/s/ Domenico Discenza
*Complainant's signature*

Domenico Discenza
*Printed name and title*

Date: 08/01/2025

*Judge's signature*

City and state: San Francisco, CA

The Horable Sallie Kim
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT AND CRIMINAL COMPLAINT

I, Domenico Discenza, a Task Force Officer with the Drug Enforcement Administration (DEA), having been duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging LUIS VELASQUEZ-CABRERRA with possession with intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propenamide (fentanyl), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), occurring on or about July 23, 2025, in San Francisco, California, in the Northern District of California.

### SOURCES OF INFORMATION

2. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. Where statements made by other individuals (including other Task Force Officers, Special Agents, and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

1

**AFFIANT BACKGROUND**

4.      I am a Sergeant at the San Francisco Police Department ("SFPD") and have worked as a sworn officer for the SFPD for approximately 25 years.  I have been assigned as a Sergeant at the SFPD Narcotics Unit since March 2023, and prior to that I was a Sergeant at the Strategic Investigations/Homicide Detail for approximately nine years.  I am a sworn Case Specific Task Force Officer ("TFO") for the Drug Enforcement Administration ("DEA").  I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7).  I am empowered by law to conduct investigations, to execute search warrants, and to make arrests for offenses of Federal law, including drug offenses.

5.      In the police academy and at SFPD Detective School, I received narcotics-related and narcotics investigations training, covering all aspects of drug investigations, including identification of controlled substances, physical surveillance, utilization of confidential sources, interview techniques, interview techniques, undercover operations, and the general operation of drug trafficking organizations.  During my career, I have received hundreds of hours of continuing education training in law enforcement investigations, including training on drug trafficking investigations and specifically, fentanyl investigations.

6.      During my employment at SFPD, I have participated in many controlled substance investigations.  I have discussed the methods and practices used by drug traffickers with other law enforcement officers.  I have also had conversations with drug users and sellers over the course of my career.  I have also participated in many aspects of drug investigations including, but not limited to, undercover operations, records research, physical surveillance, and the execution of federal and state search warrants and arrest warrants that resulted in the arrest of suspects and seizure of controlled substances.  I have reviewed numerous reports related to drug investigations and arrests.  I have also prepared search warrants and arrest warrants related to various crimes against persons investigations.

7.      Based on my training and experience, as well as conversations I have had with drug dealers and experienced law enforcement officers, I have become familiar with the practices

2

of narcotics traffickers. Specifically, I am familiar with methods that traffickers use to smuggle, safeguard, transport, and distribute narcotics, and to collect and launder the proceeds of drug trafficking.

8. I have also had discussions with other law enforcement officers and training in the packaging and preparation of narcotics, the methods of operation, and security measures that are often employed by narcotics traffickers. I have examined documentation of various methods in which fentanyl and methamphetamine and other illicit drugs are smuggled, transported, possessed with intent to distribute, and distributed. I am familiar with the appearance of marijuana, heroin, cocaine, methamphetamine, fentanyl, and other controlled substances.

9. I am familiar with the facts and circumstances of the investigation through my participation in it based on several investigative techniques, including discussions with agents and officers from other law enforcement agencies, and review of records and reports relating to the investigation. Unless otherwise noted, wherever in this Affidavit I assert that a statement was made, the statement is not being recounted verbatim but instead only in substance and in part.

## APPLICABLE STATUTE

10. **Possession of Controlled Substance with Intent to Distribute**. Under 21 U.S.C. § 841(a)(1) and (b)(1)(C), it is unlawful for any person to knowingly and intentionally possess with intent to distribute a federally controlled substance. Under 21 C.F.R. § 1308.12, fentanyl is a Schedule II controlled substance.

## STATEMENT OF PROBABLE CAUSE

11. On July 23, 2025, San Francisco Police Department (SFPD) officers were conducting a buy/bust operation in San Francisco.

12. Officer Brett Bruneman was working in an undercover capacity. While he was walking northbound on 6th St., Officer Bruneman saw numerous people loitering to the north of Jessie St. Officer Bruneman approached the group and asked for fentanyl.

13. An individual, later identified as VELASQUEZ-CABRERRA asked how much fentanyl Officer Bruneman wanted. Officer Bruneman responded that he wanted $30 worth.

14. VELASQUEZ-CABRERRA reached into his pocket and provided Officer Bruneman with the fentanyl. Officer Bruneman gave VELASQUEZ-CABRERRA $30 in previously-marked bills (one $20 bill and one $10 bill).

15. Close Cover Officers described VELASQUEZ-CABRERRA and San Francisco Sheriff's Office Deputies (SFSO) detained VELASQUEZ-CABRERA. The SFPD Close Cover Officers advised the SFSO Deputies they had the correct subject. SFPD Officer Buckley # 539 placed VEASQUEZ- CABRERA under arrest.

16. VELASQUEZ-CABRERRA was searched incident to arrest and found with one clear plastic bag containing suspected fentanyl, the previously-marked $20 and $10 bills, and over $400 in additional cash.

17. Back at Tenderloin Station, officers conducted a TRUNARC test on the suspected fentanyl seized from VELASQUEZ-CABRERRA. The suspected fentanyl tested presumptive positive and weighed 14.2 grams gross.



4

18. Officers also tested the suspected fentanyl that VELASQUEZ-CABRERRA sold to Officer Bruneman. It tested presumptive positive and weighed 1.8 grams gross.

19. Based on my knowledge, training, experience, and consultation with other experienced officers, I believe the amount of fentanyl possessed, its manner of packaging, and totality of circumstances described above (including VELASQUEZ-CABRERRA having sold to an undercover SFPD officer) indicate that the suspected fentanyl seized from VELASQUEZ-CABRERRA was possessed with the intent to distribute. This conclusion is reinforced by the fact the conduct occurred while in or near the intersection of 6th St. and Jessie St., an area plagued with illegal narcotics activity. Accordingly, there is probable cause to believe VELASQUEZ-CABRERRA possessed the fentanyl with the intent to distribute approximately 14.2 grams gross of fentanyl found by law enforcement on his person during his arrest.

## **CONCLUSION**

20. Based on my training and experience, and the facts and circumstances set forth above, I believe probable cause exists to believe that on or about July 23, 2025, in the Northern District of California, VELASQUEZ-CABRERRA possessed with the intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Accordingly, I respectfully request that the Court issue a criminal complaint and warrant for his arrest.

*Domenico Discenza*
Domenico Discenza
Task Force Officer
Drug Enforcement Administration

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on August 1, 2025. This complaint and warrants are to be filed under seal.

_____
HONORABLE SALLIE KIM
United States Magistrate Judge

6